UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.

BRITTANI SEVERN,

        Plaintiff,

v.

RMK MERRILL STEVENS LLC

        Defendant.
_____/

**COMPLAINT**

Plaintiff, BRITTANI SEVERN ("Severn"), sues Defendant, RMK MERRILL STEVENS, LLC ("RMK") and states:

**GENERAL ALLEGATIONS**

1. This is an action for money damages and injunctive relief brought to redress violations of the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. ("FLSA").

2. More specifically, this action is brought by Severn to recover unpaid overtime wages due to her from RMK.

3. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331.

4. Venue is proper in this forum.

5. At all times material, Severn was a resident of the Southern District of Florida.

6. At all times material, RMK was a Florida corporation, duly registered, with its principal place of business in Miami-Dade County, Florida. RMK operates a commercial boatyard. The business satisfies the jurisdictional limits of the FLSA in that it has gross revenues in excess of $500,000.00 per year.

7. RMK is subject to enterprise coverage under the FLSA; it engages in interstate commerce in that its employees handle goods or materials, including marine vessels and parts, that have been moved in or produced for commerce.

8. At all times material, RMK and was the "employer" of Severn within the meaning of the FLSA.

## SPECIFICS OF PLAINTIFF'S CLAIM

9. Severn was employed in business development and customer service from December of 2017 through December of 2019, when she was terminated.

10. For the time period pertinent to this lawsuit, Severn's rate of pay was $50,000.00 per year ($24.04 per hour) through the end of 2018, and $60,000.00 per year ($28.84 per hour) thereafter.

11. However, Ms. Severn worked an average of 60 hours per week during that time while never being compensated for overtime.

12. However, Severn never received the appropriate overtime pay for hours worked in excess of 40 per week, instead receiving the same weekly "salary" based on 40 hours of work. This is reflected in RMK's own payroll records.

11. Based on Severn's records, and using a three year look back period, it appears that he was uncompensated for approximately 880 hours of overtime work.

12. Thus, using Severn's applicable base rates during the appropriate period, her unpaid overtime is as follows:  December 2017-December 2018: 52 weeks x 20 hours = 1040 hours x $36.06 = $37,502.40; January 2019-October 2019: 44 weeks x 20 hours = 880 hours x $43.26 = 38,068.80.

## COUNT I – FLSA

Severn v. RMK
Case No.
Page 3

13. Severn realleges Paragraphs 1-12 and incorporates them herein.

14. The actions of RMK were such that RMK willfully and/or recklessly violated the FLSA. Severn is therefore entitled to recover liquidated damages in an amount equal to the unpaid overtime.

15. As a result of RMK's actions as described herein, Severn has suffered damages, and is entitled to recover back pay, liquidated damages, and reasonable attorney's fees; and she is further entitled to all other relief specified in the FLSA.

16. The actions of Defendants have forced Severn to hire the undersigned attorneys and pay them a reasonable fee, which she is entitled to recover from RMK.

17. Severn is also entitled to declaratory relief in the form of this Court's pronouncement that the practices of Defendants as described herein are illegal and improper; further, Severn also prays to the Court for injunctive relief commanding RMK to cease and desist the described actions immediately.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and liquidated damages, court costs, reasonable attorney's fees, prejudgment interest on all liquidated damages, and all other available relief after trial by jury on all issues so triable.

### COUNT II – UNPAID WAGES UNDER FLORIDA LAW

18. Plaintiff realleges paragraphs 1-12 and incorporates them herein.

19. This is a claim for unpaid wages as defined by Section 448.08, Fla. St.

20. All conditions precedent, if any, have been met or waived.

21. Because a wage claim is rounded in contract, RMK owes Severn those wages it failed

to pay her for a period looking back five years from the filing of this lawsuit.

22.    Thus, using that calculation, under state law RMK is liable to Severn for all of her unpaid overtime as set forth above.

23.    The actions of RMK have forced Severn to hire the undersigned attorneys and pay them a reasonable fee, which they are entitled to recover pursuant to Section 448.08, Fla. St.

WHEREFORE, Plaintiff demands judgment against Defendant for money damages, court costs, reasonable attorney's fees, prejudgment interest on all liquidated damages, and all other available relief after trial by jury on all issues so triable.

    **FEILER & LEACH, P.L.**
    901 Ponce de Leon Blvd., Suite 300
    Coral Gables, FL 33134-3009
    Tel. (305) 441-8818 Fax (305) 441-8081
    mbf@flmlegal.com; Arlene@flmlegal.com

    By: /s/ Michael B. Feiler
        Michael B. Feiler
        Board Certified Civil Trial Lawyer
        Fla. Bar No. 098477